## FRANKLIN vs. VAN COTT and others.

Upon a reference to a master to ascertain who are entitled to the surplus moneys brought into court in a foreclosure suit, the report on its face should show that all persons entitled to notice to attend upon the reference, were duly summoned.

The report should also state what parties did appear before the master upon such reference. And if they did not assent to the report, such report must be filed and duly confirmed, in the register's office, before an application can be made to the court, for the payment of the surplus moneys in conformity with the decision of the master.

Upon a reference as to surplus moneys, the master should ascertain the amount of such surplus and state it in his report. And if the party obtaining the reference is not entitled to the whole of such moneys, the master should ascertain and report who is entitled to the residue; so that upon the coming in of the report, an order may be made disposing of the whole of the fund in court.

Prima facie, the mortgagor, or the persons who are stated in the bill to be the owners of the equity of redemption, are entitled to the surplus moneys brought into court under a decree of sale in a foreclosure suit. And if no person attends before the master and produces evidence of a better right, the master should report that the surplus moneys, or the balance thereof remaining unclaimed, belong to the persons thus prima facie entitled to the same.

THIS was an application, by G. & W. Hastings, for the payment of $133, reported as due to them upon a judgment against the mortgagor, which was the first lien upon the surplus moneys brought into court upon the sale of mortgaged premises. It appeared by the report of the master that Ann Van Cott, one of

the defendants, had appeared and filed a claim to the surplus moneys, and that another of the defendants in the suit had appeared by his guardian ad litem. But the master's report did not show that the guardian ad litem of the infant defendant, or the solicitor for Mrs. Van Cott, had been summoned to attend upon the reference ; or whether they did or did not attend before the master. Nor did the report state the amount of the surplus moneys, or who was entitled to the residue beyond the amount due upon the judgment of the applicants.

*O. L. Barbour*, for the applicants.

The Chancellor. The master's report is defective in form, as it does not show that Mrs. Van Cott, who had appeared and filed her claim, or that the guardian ad litem of the infant defendant, attended before him on the reference, or that evidence was produced to the master that they had been duly summoned to attend. Both were entitled to notice of the proceedings before the master. And in the case of *Hulbert* v. *McKay*, (8 *Paige's Rep.* 652,) this court decided that in such a case the master's report should state that evidence was produced to him that the parties entitled to notice had been duly summoned, when they did not actually appear before the master upon the reference. Where such parties do appear, that fact should be stated in the report. And in such case, if they do not consent to the report as made, the report must be filed and the usual order entered to confirm it, before an application can be made to the court for the payment of the money in conformity to such report.

The report is also defective in substance, if the amount of the surplus moneys exceeds the amount due upon the judgment of these claimants. The order of reference directs the master not only to inquire and report as to the amount due to the party obtaining the order of reference, but also as to the lien of any other person upon the surplus moneys. The master, therefore, should ascertain the whole amount of such surplus moneys, by the certificate of the register or otherwise, and if the incumbrance of the party obtaining the reference and entitled to priority is not

large enough to exhaust the whole surplus moneys, the master must go further, and ascertain who is entitled to the residue of such surplus ; so that upon the coming in of the report an order may be made to dispose of the whole surplus fund. Prima facie the mortgagor, or those who are stated in the bill to be his heirs or devisees, or grantees, if he is dead or has sold the property, are entitled to the surplus. And if no one attends before the master and produces evidence of a better right, and there is no evidence before him that the person prima facie entitled has parted with his interest, the master should report that the residue of such surplus belongs to the mortgagor, or to the person prima facie entitled to it.

This case must, therefore, be referred back to the master to review his report and correct it, so as to show upon the face thereof that the persons entitled to be summoned to attend the reference either attended, or had due notice by summons to attend ; and so as also to show who is entitled to the residue of the surplus, beyond the amount due to the applicants upon their judgment. But if any persons other than these judgment creditors appear, or have appeared upon the reference, so as to entitle them to file exceptions to the report, the report must be confirmed, by the entry of the usual order nisi, and a certificate of the fact that such order has become absolute must be produced, before an order to pay the amount reported due to these applicants can be obtained.

Order accordingly.